

**WILMINGTON**
RODNEY SQUARE
**NEW YORK**
ROCKEFELLER CENTER

**Timothy Jay Houseal**
P 302.571.6682
F 302.576.3300
thouseal@ycst.com

June 30, 2022

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Judge Sherry R. Fallon
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801

    Re:    *Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, Case No. 1:22-cv-00552-VAC-SRF

Dear Judge Fallon:

    The above-captioned matter has been temporarily assigned to the Judicial Vacancy. It was also referred to your chambers to adjudicate discovery disputes, issue or modify scheduling orders, review stipulated orders and pro hac vice motions, and to review requests for mediation. In the interim, Defendant Ipsen Biopharmaceuticals, Inc. has filed a Motion to Stay Discovery (D.I. 18) pending resolution of its Motion to Dismiss (D.I. 16). The Motion to Stay Discovery has been fully briefed (D.I. 19, 22 and 24) and is pending consideration.

    In addition, on June 27, 2022, the parties submitted the VAC Magistrate Non-Consent Form. The VAC Standing Order outlines that the parties should schedule a Rule 26(f) Discovery Conference within seven days of filing the VAC Magistrate Non-Consent Form (*i.e.*, July 5, 2022). The VAC Standing Order also contemplates that certain motions will be reviewed by a magistrate judge, such as motions to stay discovery.

    Ipsen respectfully submits that its pending Motion to Stay Discovery should be considered and resolved prior to the scheduling and occurrence of the Rule 26(f) Discovery Conference, and that the Conference be postponed. Both Rule 26(f)(1) and the VAC Standing Order (Sections 4 and 5) recognize the Court's discretion to stay discovery and/or assign the case or such a motion for efficient resolution. As noted in the briefing, Plaintiff's claims are not cognizable, because they intrude upon complicated HCPCS coding decisions within the authority of the Centers for Medicare & Medicaid Services (CMS). In addition, the core issue in this case is currently under review by CMS, which is expected to render a decision in the next month or so.

    Ipsen believes that judicial resolution of its Motion to Dismiss will result in dismissal of this lawsuit in its entirety. And if the case survives in any capacity, Ipsen has yet to file an Answer or Counterclaims, the latter of which could expand the scope of this dispute. For these reasons, it would be both inefficient and near impossible for the parties to discuss the scope of discovery in any meaningful way at the present time, without knowing the full scope of claims that will ultimately be before the Court.

Case 1:22-cv-00552-VAC-SRF   Document 29   Filed 06/30/22   Page 2 of 2 PageID #: 193

The parties' counsel have discussed these issues, and Plaintiff does not consent to Ipsen's requested relief and takes the position that the Rule 26(f) Discovery Conference should proceed despite Ipsen's fully briefed and pending Motion to Stay Discovery.

Included with this letter is a proposed order delaying the Rule 26(f) conference pending resolution of Ipsen's Motion to Stay Discovery, as well as the Joint Motion for Teleconference. Counsel is available at the Court's direction.

Respectfully submitted,

 */s/ Timothy Jay Houseal*
 Timothy Jay Houseal (No. 2880)

cc: All Counsel of Record (via CM/ECF)