

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

July 1, 2022

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Judge Sherry R. Fallon
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**Re: Defendant Ipsen Biopharmaceuticals, Inc., motion to postpone Rule 26(f) conference**
   (*Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, C.A. No. 22-552-VAC-SRF)

Dear Judge Fallon:

The Court's Standing Order No. 2022-VAC-1 ("Standing Order") states that in "Vacant Judgeship" dockets: "[W]ithin seven days of filing the notice that the parties would not consent to a Magistrate Judge, the parties shall hold a Rule 26(f) conference and commence discovery." Standing Order ¶ 5(b). Despite that clear direction, Ipsen refuses to hold a Rule 26(f) conference, instead unilaterally taking its requested discovery stay without relief from the Court. Because Ipsen may not disregard the procedural rules governing this litigation and because Cipla will be harmed by any delay in proceeding to discovery and to the efficient resolution of this case, Cipla submits this letter in opposition to Ipsen's motion.

On June 27, 2022, the parties submitted their VAC Magistrate Non-Consent Form.[1] The next day, June 28, 2022, counsel for Cipla contacted Ipsen's counsel to schedule a Rule 26(f) conference on or before July 5, 2022, as required by the Standing Order. But Ipsen refused to schedule a Rule 26(f) conference; it would only agree to meet and confer on its position that no discovery should begin while its stay motion, which relates back to its Motion to Dismiss, is pending. The parties conferred on June 30, 2022, during which time Cipla reiterated its readiness to go forward with the mandatory Rule 26(f) conference. Ipsen again refused.

Ipsen then filed the present motion requesting the Court "postpone[]" the discovery conference until "its pending Motion to Stay Discovery [is] considered and resolved." D.I. 29 at 1. That request is grounded in speculation that the Court might later grant the motion to stay (which itself relies on improper speculation that the Court might even later grant Ipsen's motion to dismiss). If Ipsen's argument were right, the mere filing of a dispositive motion would prevent even the most administrative of tasks from moving forward in any case simply because a party

---

[1] Despite knowing the parties' positions on magistrate consent for weeks, Ipsen refused to approve filing of the Non-Consent Form until the clock had run out on the deadline.

The Honorable Judge Sherry R. Fallon
July 1, 2022
Page 2

"believes" the lawsuit might later be dismissed. D.I. 29 at 1. (And Cipla's claims are likely to survive Ipsen's motion, *see* D.I. 21.) Further, this position is directly contrary to the Standing Order. *See* Standing Order ¶ 5(f) ("the filing of a motion shall not be grounds to prevent the case, including discovery, from progressing.").

Ipsen's refusal to hold a conference is a tactical maneuver to bolster its motion to stay. *See* D.I. 19 (Ipsen Motion to Stay Discovery) at 11 (arguing that the early stage of proceedings favors a stay where "the court has not yet conducted a Rule 16(2)(b) scheduling conference"). And even more concerning, Ipsen's refusal to adhere to the Standing Order—which additionally states that "[t]he parties shall cooperate in good faith to move the case forward" and that "[d]isputes arising from the Rule 26(f) conference . . . shall not prevent the case, including discovery, from progressing," Standing Order ¶ 5(b), (d)—effectively substitutes Ipsen's judgment for that of the Court and grants in Ipsen's own favor the pending motion to stay discovery.

Seeking to justify its disregard of the Standing Order, Ipsen argues that it would be "inefficient" and "near impossible" for the parties to discuss the discovery process when the scope of the claims that may move forward is supposedly unclear. But it is routine for parties to hold a Rule 26 conference at the outset of the case even though the relevant claims often evolve, and Ipsen identifies no meaningful prejudice from undertaking this standard step now. Certainly, conferring with Cipla to draft a discovery plan demands little of Ipsen. And even when discovery starts, Ipsen is unlikely to incur substantial discovery costs in the near term. By contrast, postponing the Rule 26(f) conference would prejudice Cipla by delaying the start of discovery for an indefinite period even if the Court later denies Ipsen's stay motion. Slowing down the orderly resolution of this case would harm Cipla, as Ipsen is a direct competitor that is actively disrupting Cipla's customer relationships during the critical time for Cipla's new medicine to gain market share. *See* D.I. 22 (Cipla Opp. to Motion to Stay) at 12-14. Moreover, a stay would be particularly harmful where, as here, the parties have not consented to a magistrate judge, leaving Ipsen's Motion to Dismiss unresolved indefinitely until an Article III judge is assigned to this matter.

Finally, Ipsen's argument that it might add counterclaims against Cipla when it eventually answers the complaint fails to justify postponing the Rule 26(f) conference. Ipsen is perfectly capable of agreeing to a discovery plan without crystallizing what claims it may (or may not) assert later in litigation. Moreover, a plaintiff's right to conduct discovery should not be subject to the defendant's timeline with respect to asserting counterclaims. In the event Ipsen does later assert counterclaims, it may seek to amend the discovery plan.

The Court should reject Ipsen's repeated attempts to freeze this litigation in time and deny its request to indefinitely postpone the Rule 26(f) conference. Ipsen's conduct directly contravenes the Court's considered judgment in its Standing Order. The Court should accordingly deny Ipsen's letter motion.

    Respectfully,

    */s/ David E. Moore*

    David E. Moore


The Honorable Judge Sherry R. Fallon
July 1, 2022
Page 3


DEM:nmt/10213968/22153.00001

cc:     Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)