# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CIPLA USA, INC. | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | C. A. No. 22-cv-00552-GBW-SRF ) ) ) |
| IPSEN BIOPHARMACEUTICALS, INC. | ) ) ) |
| Defendant | ) ) ) ) |

## JOINT INTERIM STATUS REPORT

Plaintiff Cipla USA, Inc. ("Cipla") and Defendant Ipsen Biopharmaceuticals, Inc. ("Ipsen" and collectively with Cipla, the "Parties"), by counsel, and pursuant to the November 8, 2022 Amended Scheduling Order, hereby submit this Joint Interim Status Report "on the nature of the matters in issue and the progress of discovery to date." Scheduling Order (D.I. 59) ¶8.

## PROCEDURAL POSTURE

1. Cipla filed the Complaint in this matter on April 27, 2022. D.I. 1. Ipsen filed its Motion to Dismiss on June 3, 2022 (D.I. 16), with the motion fully briefed as of June 24, 2022. D.I. 23. Magistrate Judge Fallon issued her Report and Recommendations as to Ipsen's Motion to Dismiss on March 1, 2023 (D.I. 64), and Ipsen filed its Objections thereto on March 15, 2023. D.I. 65. Those Objections are fully briefed and remain pending.

2. The current Scheduling Order was entered by the Court on November 8, 2022. In relevant part, the Scheduling Order provides that the Parties shall be substantially complete with

30382943.1

document production by May 17, 2023, with fact discovery concluding July 19, 2023. The Scheduling Order also provides that the Parties shall hold a Status Conference with the Court on May 24, 2023, although if "all parties agree that there is nothing to report, nor anything to add to the interim status report or to [the Scheduling Order], they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar." Scheduling Order (D.I. 59) ¶ 9.

## NATURE OF THE MATTERS IN ISSUE

3. This case involves claims by Cipla against Ipsen regarding certain statements allegedly made by Ipsen regarding Cipla's lanreotide acetate product and the Healthcare Common Procedure Coding System (HCPCS) code to be used for Cipla's lanreotide acetate product. Cipla asserts that Ipsen's statements were false and misleading and has brought claims for 1) unfair competition under the Lanham Act, 2) deceptive trade practices under Delaware law, 3) common law unfair competition, 4) common law tortious interference with economic advantage, and 5) common law trade libel.

4. However, Ipsen's Motion to Dismiss remains pending. Should Ipsen's Motion to Dismiss be denied (in whole or in part), Ipsen has informed Cipla that it intends to file Counterclaims relating to Cipla's statements about its lanreotide acetate product and HCPCS coding for it that may change or expand the matters in issue and necessitate adjusting the case schedule.

5. The Parties have engaged in preliminary discussions regarding the potential for settlement and are open to discussing whether a mediator's assistance would be beneficial.

## PROGRESS OF DISCOVERY TO DATE

1. The deadline for fact discovery is currently July 19, 2023.

2. Cipla served its first requests for the production of documents on October 28, 2022, and its first interrogatories on November 1, 2022. Ipsen served its first requests for the production of documents and its first interrogatories on November 1, 2022. The Parties timely served associated objections and responses.

3. The Parties have conducted numerous meet and confers regarding discovery issues. The Parties expect to be substantially complete with document production in response to outstanding requests for the production of documents by the May 17, 2023 date required by the Scheduling Order.

4. Neither Party has noticed or taken any depositions of any fact witnesses.

5. Initial disclosure of expert reports is set to occur on August 30, 2023, and the deadline to complete expert discovery is December 6, 2023.

6. However, as Ipsen intends to file counterclaims should this case proceed past the motion to dismiss phase, the Parties agree that the deadlines in the current Scheduling Order will need to be adjusted to permit supplemental discovery related to the allegations and claims at issue in Ipsen's counterclaims.

7. In view of the pending Objections to the Report and Recommendation and the impact of the possible addition of Ipsen's counterclaims to this case, the Parties agree that depositions should not be taken until after the pleadings have closed and fact discovery should be extended.

8. The Parties propose and request the following modification to the case schedule in the Amended Scheduling Order, and will submit a joint motion to revise the Scheduling Order if the Court finds that necessary or helpful:

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Substantial Completion of Document Production (outstanding discovery) | May 17 [Two months before discovery cut-off] | May 17 |
| Substantial Completion of Document Production (counterclaims-related discovery) | [N/A] | 60 days after filing of Ipsen's counterclaims |
| Discovery Cut-Off | July 19, 2023 | 90 days after filing of Ipsen's Answer and any counterclaims |
| Disclosure of Expert Testimony | Aug. 30, 2023 [six weeks after discovery closes] | Six weeks after discovery closes |
| Rebuttal / Supplemental Expert Reports | Oct. 11, 2023 [six weeks after expert disclosure] | Six weeks after expert disclosures |
| Reply Expert Reports | Nov. 1, 2023 [three weeks after rebuttal/supplemental reports] | Three weeks after rebuttal / supplemental reports |
| Expert Depositions | Dec. 6, 2023 [one month after reply expert reports] | One month after reply expert reports |
| Case Dispositive / *Daubert* Motions | Opening: Jan. 10, 2024 | Six weeks after close of expert depositions |
| Case Dispositive / *Daubert* Motions | Responsive: Feb. 7, 2024 [four weeks after opening] | Four weeks after opening |
| Case Dispositive / *Daubert* Motions | Reply: Feb. 28, 2024 [three weeks after responsive] | Three weeks after responsive |
| Joint Proposed Final Pretrial Order | 7 days before pretrial conference | 7 days before pretrial conference |
| Pretrial Conference | June 28, 2024 at 10:00 am [must be approx. four months after dispositive / *Daubert* reply deadline] | Approximately four months after dispositive / Daubert reply deadline |
| Jury Trial | July 15, 2024 at 9:30 am (5 days) | To be determined |

9.  The Parties at this time do not agree on other adjustments to the case schedule following the close of fact discovery, but will timely raise additional proposed adjustments to the Court as warranted. The Parties also welcome any guidance the Court may have regarding management of the case schedule.

30382943.1

10. Other than the issues detailed above, the Parties do not believe there are other issues to report to the Court or anything to add at the May 24, 2023 Status Conference.

Dated: May 17, 2023

Respectfully submitted,

By: /s/ David E. Moore
David E. Moore
Bindu A. Palapura
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

Brian Burgess (*pro hac vice*)
Katherine Cheng (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel: (202) 346-4000

Robert D. Carroll (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000

Alexandra D. Valenti (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800

*Attorneys for Plaintiff Cipla USA, Inc.*

30382943.1

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

By: /s/ *Timothy Jay Houseal*
Timothy Jay Houseal (No. 2880)
Jennifer M. Kinkus (No. 4289)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
Telephone: (302) 571-6682
thouseal@ycst.com
jkinkus@ycst.com
swilson@ycst.com

Of Counsel:

Christopher T. Pickens (*pro hac vice*)
Thomas B. Hunt (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad Street, 17th Floor
Tysons, VA 22102
Telephone: 703-610-6100
Facsimile: 703-610-6200
christopher.pickens@hoganlovells.com
thomas.hunt@hoganlovells.com

Catherine E. Stetson (*pro hac vice*)
Susan M. Cook (*pro hac vice*)
Dana A. Raphael (*pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
cate.stetson@hoganlovells.com
susan.cook@hoganlovells.com

*Attorneys for Defendant Ipsen Biopharmaceuticals, Inc*

30382943.1